IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:00CR14

| | |
|---|---|
| TERRY LEE ROSEBORO, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion Pursuant to 18 U.S.C. § 3661 and Rule 60(b) of the Federal Rules of Civil Procedure, filed February 6, 2006.

On January 11, 2001, Petitioner pled guilty to a charge of possession with intent to distribute cocaine and cocaine base. On July 9, 2001, this Court sentenced Petitioner to 188 months imprisonment. On July 18, 2001, Petitioner filed a Notice of Appeal. Judgment on Petitioner's sentence was entered on August 8, 2001. Petitioner then filed a Motion to Dismiss his appeal, which the United States Court of Appeals for the Fourth Circuit granted in an Order dated January 18, 2002. On July 28, 2003, Petitioner filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255, which the Court dismissed as untimely in an Order filed October 27, 2003. Petitioner appealed this dismissal to the Fourth Circuit. On May 18, 2004, the Mandate issued from the Fourth Circuit, affirming this Court's dismissal of Petitioner's Motion to Vacate.

Petitioner now asks the Court to modify his sentence pursuant to 18 U.S.C. § 3661[1] and

---

[1]Title 18, United States Code, Section 3661 states, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Petitioner attempts to use

1

Rule 60(b) of the Federal Rules of Civil Procedure. Although Petitioner attempts to cloak the instant motion under the guise of Rule 60(b) and 18 U.S.C. § 3661, the Court finds that Petitioner is collaterally attacking his sentence. Thus, this Court will construe Petitioner's filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[2] However, this Motion would be Petitioner's second § 2255 motion.

A defendant may not file a second or successive motion under § 2255 unless a panel of the appropriate court of appeals has certified that the new motion will contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. §§ 2244, 2255; *see also* RULES GOVERNING § 2255 PROCEEDINGS, Rule 4(b), 9(b). Petitioner's Motion here does not seem to fit either of the two scenarios set forth above. Rather, Petitioner is seeking to make the same arguments as contained in his initial Section 2255 motion.

Petitioner, however, has not received certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because the Court has construed Petitioner's instant Motion as a motion to vacate, set aside or correct his sentence pursuant to § 2255, the Court

---

Section 3661 to argue that he has not had an opportunity to present all of the information pertinent to his sentence to the Court. This Court disagrees. Petitioner previously attacked his sentence pursuant to Section 2255. However, as described by the Court in its October 27, 2003 Order, Petitioner's Motion to Vacate was untimely. Moreover, Section 3661 is inapplicable at this juncture of the case. Rather, Section 3661 applies to information received by the Court prior to sentencing and during the sentencing hearing. Nevertheless, the Court will broadly construe Petitioner's Motion as an additional challenge to the sentence imposed by the Court.

[2]The Court of Appeals for the Fourth Circuit's decision in *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the *Emmanuel* case, this motion would not be Petitioner's first § 2255 motion. *Id.* at 650 (finding no notice required where recharacterization has no adverse impact on movant).

cannot reach the merits of Petitioner's claims until he receives certification from the Fourth Circuit Court of Appeals that his claims will reference newly discovered evidence or contain a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. §§ 2244, 2255.

**IT IS, THEREFORE, ORDERED** that the Clerk is directed to treat this Motion as motion to vacate, set aside, or correct sentence pursuant to § 2255 and to file a copy of this Order within the civil case number assigned.

**IT IS FURTHER ORDERED** that Petitioner's Motion Pursuant to 18 U.S.C. § 3661 and Rule 60(b) is **DISMISSED** without prejudice as successive.

Signed: April 20, 2006

Richard L. Voorhees
Chief United States District Judge